UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

XIU JIAN SUN, *the spiritual Adam, The Church of*
*Jesus Christ of Latter-Day Saints, Servant*,

                                                   **Plaintiff,**

         **vs.**                                                                    **1:19-cv-497**
                                                                                    **(MAD/DJS)**

ANDREW M. CUOMO, *Governor of New York*
*State,*

                                                   **Defendant.**

_____

APPEARANCES:                                   OF COUNSEL:

XIU JIAN SUN
54-25 153rd Street
Flushing, New York 11355
Plaintiff, *pro se*

OFFICE OF THE NEW YORK               JORGE A. RODRIGUEZ, AAG
STATE ATTORNEY GENERAL
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Xiu Jian Sun, identifying himself as "the spiritual Adam" and a "servant" of the

Church of Jesus Christ of Latter-Day Saints, commenced this action *pro se* by filing a complaint

on April 26, 2019, and paying the required fee. *See* Dkt. No. 1. On September 4, 2019,

Defendant moved to dismiss for insufficient service, failure to state a claim on which relief may

be granted, failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and lack of

subject-matter jurisdiction.  *See* Dkt. No. 13-1 at 8.  Now before the Court is Defendant's motion

to dismiss.

## II. BACKGROUND

Plaintiff appears to allege that he filed appeals in thirteen civil actions from 2015 to 2016

by sending them to Defendant's office.  *See* Dkt. No. 1 at ¶¶ 3-1 to 3-13; *see also id.* at 6-8

(appearing to show receipts for certified mail sent to Defendant's office in the New York State

Capitol prior to the instant action).  To support his allegations, Plaintiff quotes religious text

instructing followers to "importune at the feet of the governor" if a judge does not provide

adequate redress, *see id.* at ¶ 4 (quoting The Doctrine and Covenants of the Church of Jesus

Christ of Latter-Day Saints, § 101:86-87,

https://www.churchofjesuschrist.org/study/scriptures/dc- testament/dc/101?lang=eng), perhaps

implying that he sent those thirteen cases to Defendant to take action where he perceives the

courts have failed him, *see, e.g.*, *Xiu Jian Sun v. Dick Bailey Serv., Inc.*, 143 A.D.3d 891, 891 (2d

Dep't 2016) (dismissing for Plaintiff's failure to state a cause of action).  Plaintiff makes no

discernable prayer for relief, but asks this Court for a trial "with god's law," a jury "to prevent

insult and unfair behavior," and a Mandarin interpreter.  Dkt. No. 1 at ¶¶ 8-9.

In a form dated May 6, 2019, a process server attested to sending to Defendant a summons

via certified mail.  *See* Dkt. No. 7.  Nothing on that form identifies the address to which the server

mailed the summons, and the server did not indicate he attempted to serve Defendant personally.

*See id.*  Aside from the abovementioned religious references to a governor and Plaintiff's use of

Defendant's title in the case caption, nothing in the complaint indicates whether Plaintiff is suing

Defendant in his personal or official capacity.

On July 26, 2019, Magistrate Judge Daniel J. Stewart adjourned a Rule 16 Initial

Conference scheduled for July 29, 2019, when Defendant did not appear despite Plaintiff's filing

of proof of service on May 8, 2019. *See* Dkt. No. 9.  On August 9, 2019, Defendant requested by

letter a pre-motion conference and briefing schedule. *See* Dkt. No. 11.  On September 4, 2019,

Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (5),

and (6), which the Court now considers. *See* Dkt. No. 13-1.

### III. DISCUSSION

**A.     Insufficient Service of Process Under Rule 12(b)(5)**

When a defendant moves to dismiss pursuant to Rule 12(b)(5) for insufficient service of

process the plaintiff bears the burden of proving the defendant was adequately served. *See*

*Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*,

417 F.3d 292, 298 (2d Cir. 2005)).  Actual notice of the action does not cure or waive a service

defect. *See Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 441 (S.D.N.Y. 2012) (quoting *Sartor*

*v. Toussaint*, 70 Fed. Appx. 11, 13 (2d Cir. 2002)).

Adequacy of service turns on compliance with Rules 4(e) or 4(j)(2) of the Federal Rules

of Civil Procedure.[1]  Rule 4(e) covers adequacy of service in individual-capacity suits and

requires personal service on a defendant, delivery to a resident of the defendant's usual place of

abode who is of suitable age and discretion, delivery to a defendant's authorized agent, or meeting

the requirements of the relevant state law governing summons service in state court actions of the

---

[1] The text of Federal Rule 4(j)(2) discusses service on states and their legal subdivisions, but can be construed to govern adequacy of service on a state officer sued solely in his or her official capacity. *See, e.g.*, *Shabazz v. Coughlin*, 852 F.2d 697, 700 (2d Cir. 1988) ("Official capacity suits . . . are, in all respects other than name, suits against a government entity.") (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); *cf. Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (determining, *inter alia*, that "persons" sued under 42 U.S.C. § 1983 include governmental bodies).

same character.  Fed. R. Civ. P. 4(e).  Rule 4(j)(2) covers adequacy of service in suits against state entities and requires service on the entity's chief executive—in the case of New York State, Defendant himself—or compliance with the state's requirements for service on that entity.  Fed. R. Civ. P. 4(j)(2).

New York's requirements for service on a state officer depend on whether the officer is sued in his or her official capacity.  *See* N.Y. C.P.L.R. § 307(2).  Effective service in official-capacity suits in New York may be made by either (1) serving the summons on the officer personally, or (2) sending the summons by certified mail, return receipt requested, to that officer or the chief executive of the officer's agency, and then by delivering the summons to an assistant attorney general at one of the attorney general's offices, or by serving the attorney general herself within the state.  *See id.*; *Stoianoff v. Comm'r of Motor Vehicles*, 208 F.3d 204, 2000 WL 287720, *1 (2d Cir. Mar. 16, 2000).

If an officer is sued in his or her individual capacity, then section 308 of New York's Civil Practice Law and Rules controls.  *See* N.Y. C.P.L.R. § 308.  Like Federal Rule 4(e), CPLR § 308 permits personal service and service on an authorized agent.  *See* N.Y. C.P.L.R. § 308(1), (3); *Shuster v. Nassau Cty.*, No. 96 CIV. 3635, 1999 WL 9847, *2 (S.D.N.Y. Jan. 11, 1999).  Also similar to Rule 4(e), CPLR § 308(2) permits in-state delivery to a person of "suitable age and discretion at the [defendant's] actual place of business, dwelling place, or usual place of abode." N.Y. C.P.L.R. § 308(2).  Such delivery must be accompanied by either (1) a mailing to a defendant's "last known residence," or (2) a first class mailing to a defendant's "actual place of business" in an envelope marked "personal and confidential" and without any other indication of the legal nature of the envelope's contents.  *See id.*  To complete this "deliver-and-mail" service,

4

plaintiff must file proof of service within twenty days of either the delivery or mailing, whichever occurs later, with service to be effective ten days after filing. *See id.*

Additionally, CPLR § 308(4) authorizes "affix-and-mail" service, which permits a plaintiff to affix the summons to the door of a defendant's "actual place of business, dwelling place, or usual place of abode," and then mail a copy of the summons under the same conditions set forth in CPLR § 308(2). *See id.* § 308(4). Importantly, a plaintiff may not jump to affix-and-mail service unless he or she demonstrates effective service cannot be made with due diligence under either CPLR § 308(1) or (2). *See id.* Finally, court-ordered or invented service may be available to a plaintiff who has shown that personal, deliver-and-mail, and affix-and-mail service are "impracticable." *See* N.Y. C.P.L.R. § 308(5).

As an alternative to CPLR §§ 307 and 308 service, New York provides for service by first-class mail under CPLR § 312-a. This provision requires a plaintiff to enclose a self-addressed stamped envelope and statutorily-mandated acknowledgment forms with the summons. *See* N.Y. C.P.L.R. § 312-a. Service is incomplete without return of a defendant's executed form to the plaintiff. *See id.*

Here, the only evidence of Plaintiff's service on Defendant is the process server's proof-of-service form, which simply indicates that he sent the summons via certified mail to Defendant. *See* Dkt. No. 7 at 1. Plaintiff makes no showing that he personally served Defendant, or that he delivered the summons to someone at Defendant's abode or to one of Defendant's agents. *See* Fed. R. Civ. P. 4(e), (j)(2); N.Y. C.P.L.R. § 307(2); N.Y. C.P.L.R. § 308(1), (3); Dkt. No. 7 at 1. Thus, to find Plaintiff properly served Defendant with process and maintain a suit against Defendant in any capacity, Plaintiff must have fully satisfied one of the remaining substituted-service provisions of CPLR §§ 307, 308, or 312-a. This he did not do.

Even if the process server sent the summons to Defendant via certified mail, that act alone does not effectuate service in either Defendant's official or individual capacity.  CPLR § 307(2) remains unsatisfied without an indication that Plaintiff served an assistant attorney-general or the attorney-general, thereby rendering service on Defendant in his official capacity ineffective.

Substituted service on Defendant in his individual capacity was likewise ineffective.  Both deliver-and-mail and affix-and-mail service require a certified mailing be accompanied by some additional prescribed act to complete service.  *See id.* § 308(2), (4).  Service by certified mailing alone could not be effective absent a court's order, but Plaintiff submits no evidence that any court issued such an order on a showing that personal, deliver-and-mail, and affix-and-mail service were impracticable.  Finally, while CPLR § 312-a would authorize service by mail in place of personal or substituted service on Defendant sued in either of his capacities, there is no indication that Plaintiff sent the summons with the required forms and return envelopes, or that Defendant acknowledged such service.  Moreover, even if he did, service would still be defective because CPLR § 312-a authorizes service by first-class, not certified, mail.

Consequently, Plaintiff did not make effective service on Defendant in either his official or individual capacity, and dismissal under Rule 12(b)(5) is warranted.

**B.      Failure to State a Claim Under Rule 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering a claim's legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493

F.3d 87, 98 (2d Cir. 2007) (citation omitted).  However, this presumption of truth does not extend

to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the

claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled

to relief,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).  Under this

standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the

speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their]

face," *id.* at 570.  "[W]hen the allegations in a complaint, however true, could not raise a claim of

entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims

across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (citations omitted).

This Court is obliged to "make reasonable allowances to protect *pro se* litigants" from

inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting

*Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court construes Plaintiff's complaint as stemming from his religious belief that

Defendant could provide relief in previously adjudicated cases.  Even accepting as true that

Plaintiff, operating under that belief, mailed Defendant the documents from these prior

proceedings, and even affording Plaintiff's pleading the most liberal reading the Court can

reasonably muster, Plaintiff fails to allege any legally cognizable cause of action for which

Defendant could be held liable.  And while Defendant's failure to include a prayer for relief does

not by itself fatally flaw his case, its absence deprives the Court of the last means of finding

7

anything actionable in the pleading.  Accordingly, the Court grants Defendant's motion to dismiss on this alternative ground.

**C.      Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)**

Finally, Defendant moves to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendant bases his Rule 12(b)(1) motion on two theories: that Plaintiff failed to adequately allege the Court's subject-matter jurisdiction, and that Plaintiff lacks standing.  *See* Dkt. No. 13-1 at 15-16.

*1. Failure to Allege Subject-Matter Jurisdiction*

A pleading must comply with Federal Rule of Civil Procedure 8(a)(1), which requires an allegation of subject-matter jurisdiction.  *See Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87, 88 (2d Cir. 1971).  The requirement may be satisfied by either explicitly demonstrating federal question or diversity jurisdiction, *see* 28 U.S.C. §§ 1331, 1332, or by pleading sufficient facts in the body of the complaint from which a court may determine whether subject-matter jurisdiction exists, *see Harary v. Blumenthal*, 555 F.2d 1113, 1115 (2d Cir. 1977).

Here, Plaintiff failed to allege facts demonstrating that the Court has subject matter jurisdiction over this case.  Plaintiff identifies himself as a resident of New York and then lists the Defendant's work address as the New York State Capitol in Albany, New York, a combination that cuts against finding diversity jurisdiction.  Additionally, Plaintiff makes no statement and alleges no facts as to Defendant's liability under federal law, thus precluding the Court from finding federal question jurisdiction.  Accordingly, the Court grants Defendant's motion to dismiss for lack subject-matter jurisdiction.

*b. Failure to Allege Standing to Sue*

The requirement of standing is derived from "Article III's limitation of the judicial power to resolving 'Cases' and 'Controversies,'" and limits access to federal courts to only those litigants who "have suffered or [are] imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Failure to allege facts sufficient to support finding that a plaintiff suffered or will suffer an injury attributable to a defendant's acts or omissions for which a federal court is capable of providing relief compels dismissal for lack of subject-matter jurisdiction. *See, e.g.*, *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 148-49 (2d Cir. 2011); *NRA v. Cuomo*, 350 F. Supp. 3d 94, 123, 130 (N.D.N.Y. 2018).

Here, Plaintiff pleads no facts indicating he suffered any injury, much less that Defendant's acts or omissions injured him.  Thus, the Court finds that Plaintiff does not have standing and dismisses his action on this additional ground.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 13) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's letter motion requesting a trial by jury with a Mandarin interpreter (Dkt. No. 10) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 21, 2019
        Albany, New York

Mae A. D'Agostino
U.S. District Judge